UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WOODBURN CONSTRUCTION CO.,<br><br>  Plaintiff,<br><br>  v.<br><br>ENCON PACIFIC, LLC, d/b/a Concrete Products of Western Washington, LLC; and CONCRETE PRODUCTS OF WESTERN WASHINGTON, LLC,<br><br>  Defendants.<br>_____<br><br>ENCON WASHINGTON, LLC f/k/a Concrete Products of Western Washington, LLC,<br><br>  Counter-claimant,<br><br>  v.<br><br>WOODBURN CONSTRUCTION CO.; COUNTY OF COWLITZ, WASHINGTON; and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>  Counter-defendants. | Case No. C05-5811FDB<br><br>ORDER GRANTING WOODBURN CONSTRUCTION CO.'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND TO COMPEL ANSWERS TO ADDITIONAL INTERROGATORIES |

ORDER - 1

This matter arises out of a construction project known as the Cowlitz County Jail Annex. Plaintiff Woodburn was the general contractor; EnCon was a subcontractor that provided and erected precast concrete panels. EnCon performed other work on the panels, which work Woodburn contends is remedial, and which Encon disputes. EnCon brings counter-claims amounting to over $1,000,000. EnCon alleges that Woodburn breached the subcontract in 17 different respects (EnCon's Answer, Affirmative Defenses, and Counterclaims, § 34 a. – q.[attached to Motion as Ex. 1, pp. 5-6.])

Woodburn brings a motion pursuant to Fed. R. Civ. P. 33(a) for leave to serve additional interrogatories and to compel answers to additional interrogatories within fifteen days of the date the motion for leave is granted. Woodburn asserts that no facts have been provided that explain what Woodburn did that allegedly breached the subcontract in each manner alleged in ¶ 34 (a) through (q), and that no supporting facts are given as to when EnCon discovered the alleged breaches, when EnCon gave Woodburn notice, when EnCon made a claim regarding each alleged wrong, and how much of EnCon's alleged damages relate to each alleged wrong and claim. Thus, Woodburn propounded its Fourth Set of Interrogatories to Defendants (Ex. 2, to Woodburn's Motion), and although the first interrogatory of this set was the fifteenth interrogatory propounded, EnCon has refused to answer any of the interrogatories in the Fourth Set, thus leading to the pending motion.

Woodburn asserts that it has divided the interrogatory into subparts because EnCon's claim is made in seventeen subparts. Nevertheless, Woodburn asserts that there is only one theme: what is the factual basis for EnCon Washington's counterclaims?

EnCon responds, in summary, that (1) Woodburn can obtain the information requested by taking the depositions of EnCon's employees, a source that is more convenient, less burdensome, and less expensive, and (2) to the extent Woodburn has requested written documents, those documents are either in Woodburn's possession or have been produced by EnCon.

The Court disagrees with EnCon contentions in response and concludes that Woodburn

ORDER - 2

should be granted leave to propound the additional interrogatories. Woodburn explains why it would be inefficient and expensive to obtain the needed information through depositions. Woodburn explains, for example, that three of the four individuals are located in Colorado, and sets forth how the questions will lead to the deponent searching records for the information while all those attending the deposition wait. Woodburn also explains why the information it seeks cannot be "compiled" from the documents it already has; for example, Woodburn cannot "compile" from the plans and specifications the portions that EnCon claims to be inadequate and it cannot "compile" which materials Woodburn rejected were adequate according to EnCon. Also, the Court agrees that EnCon must provide the information sought in the Fourth Set of Interrogatories within 15 days of the Court's order in order that Woodburn may be able to effectively depose EnCon's employees and claim-preparers on the merits of EnCon's claims. For these reasons, which are more fully elaborated in Woodburn's motion and reply, the instant motion will be granted.

ACCORDINGLY, IT IS ORDERED:

The Motion of Plaintiff and Counter-Defendant Woodburn Construction Co. for Leave To Serve Additional Interrogatories and To Compel Answers to Additional Interrogatories [Dkt. # 46] is GRANTED and Defendant and Counter-Claimant EnCon Washington, LLC shall answer Plaintiff Woodburn's Fourth Set of Interrogatories within Fifteen (15) days of the date of this Order.

DATED this 7th day of December, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3