UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WOODBURN CONSTRUCTION CO.,

Plaintiff,

v.

ENCON PACIFIC, LLC, d/b/a Concrete Products of Western Washington, LLC; and CONCRETE PRODUCTS OF WESTERN WASHINGTON, LLC,

Defendants.

ENCON WASHINGTON, LLC f/k/a Concrete Products of Western Washington, LLC,

Counter-claimant,

v.

WOODBURN CONSTRUCTION CO.; COUNTY OF COWLITZ, WASHINGTON; and SAFECO INSURANCE COMPANY OF AMERICA,

Counter-defendants.

Case No. C05-5811FDB

ORDER GRANTING DEFENDANT ENCON WASHINGTON LLC'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Encon Washington moves to file an amended answer in order to eliminate its third

counterclaim (violation of RCW 39.04.250 Prompt Pay Act) against Woodburn Construction Co. Encon confirmed (Reply, p. 7) that it intends by its motion to remove all references to the Prompt Pay Act from portions of its other counterclaims as well as the stand-all Prompt Pay Act claim, and submits an amended Answer, Counterclaim and Affirmative Defenses in which every reference to the Prompt Pay Act has been removed.

Woodburn opposes the amendment arguing: (1) that the motion to amend the counterclaim is really a motion for dismissal to which Fed. R. Civ. P. 41(a) applies, that dismissal should not be granted if the non-movant "can show that it will suffer some plain legal prejudice as a result," *Smith v. Lenches*, 263 F.ed 972, 975 (9th Cir. 2001), and that Woodburn would be prejudiced if the claim is dropped because the Prompt Pay Act claim is the only claim that clearly provides for prevailing party, as opposed to claimant only, attorneys fees, and Woodburn would lose this legal claim, interest, or argument that it is entitled to attorneys fees as to this claim on which Woodburn opines it is likely to prevail; (2) even if the motion is properly a motion to amend, it must be denied because of Encon's bad faith motive and undue prejudice to Woodburn. Woodburn asserts that Encon's motive for bringing the motion is because it wants to avoid the possibility of Woodburn receiving prevailing party fees, thus limiting Encon's exposure, while maintaining Encon's ability to seek fees as a prevailing claimant on its other claims.

Encon cites case law for the proposition that Fed. R. Civ. P. 15(a) (amendment) "is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1993) and that Fed. R. Civ. P. 41(a) (dismissal) is applicable only where the claimant seeks a complete dismissal as to all defendants, or a partial dismissal of all claims against one co-defendant. *Id.*, *accord*, *General Signal Corp. v. MCI Telecomm. Corp.*, 66 P.3d 1500, 1513 (9th Cir. 1995)("Rule 41 is reserved for circumstances in which the result of the alleged dismissal is that one or all of the defendants are released form the

action." Other circuits have concluded similarly, *e.g., Loutfy v. R.R. Donneller & Sons, Co.*, 148 F.R.D. 599 (N.D. Ill. 1993) wherein the defendant argued as Woodburn does, that the appropriate mechanism for dismissal of one of several claims is Fed. R. Civ. P. 41(a), and the Court rejected the contention:

> Early on, courts have recognized that Rule 41(a) was singularly designed to allow for voluntary dismissal of entire actions only and not for dismissal of one of several claims against a defendant. Later rulings concerning voluntary dismissal of single claims, vis-a-vis an entire cause of action, established that a motion to voluntarily dismiss a single claim in a multi-count complaint is properly treated as an amendment under Rule 15(a).

148 F.R.D. at 602. Encon also argues that it is noteworthy that Rule 41 refers to dismissal of "actions." Here, Encon argues that it simply wishes to remove one claim that it does not intend to pursue.

Moreover, Encon argues that the merits of the Prompt Pay claim are not properly at issue in this motion. Encon argues that the Prompt Pay Act requires a prime contractor to pay its subcontractor within ten days of receiving payment from the owner, and it permits a prime contractor to withhold, <u>based upon a good faith dispute</u>, 150% of the disputed amount. Encon believes that it can establish both a lack of good faith and excessive withholding by plaintiff, but because it has alterative theories of recovery of its contract balance that would not require the establishment of payment history or proof of bad faith, it has chosen to withdraw the claim.

Encon argues that Woodburn makes two invalid assumptions: (1) that it would prevail on the Prompt Pay claim, and (2) that if it were to prevail on this claim, it would be entitled to recover attorney's fees on the whole case because the case issues are "intertwined." In *Loutfy*, the court held that allowing the plaintiff to voluntarily dismiss a federal claim– which was construed as a motion to amend under Fed. R. Civ. P. 15(a) – that was interrelated with its state law claim was proper even if it would deprive the defendant of the opportunity to recover attorney fees and costs. In *Loutfy*, the motion to voluntarily dismiss the federal claim was treated as a motion to amend and granted as

such, and the state claims were remanded to state court where the case had first been filed. In denying to the defendant attorney's fees for the time spend in the Federal Court owing to the federal claim being dropped, the Federal Court saw the same activity occurring in state court, had the matter not been removed, as had occurred in the federal court. The situation herein is analogous, for even if one concludes that the claims are interrelated, Woodburn would have incurred all of the same fees and expenses necessary to defend Encon's other claims had the Prompt Pay Act claim not been asserted.

Encon's arguments are persuasive. There is no principled reason to insist that Encon prosecute a counterclaim that it wishes to drop on Woodburn's assertion that it would be entitled to attorney's fees should it prevail on the counter-claim.

ACCORDINGLY, IT IS ORDERED: Motion of Defendant Encon Washington, LLC for Leave To File an Amended Answer, Affirmative Defenses and Counterclaims [Dkt. # 92] is GRANTED, and Encon Washington may file the amended complaint in which all references as to any claim under the Prompt Pay Act have been removed.

DATED this 27th day of February, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE