UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WOODBURN CONSTRUCTION CO., <br><br> Plaintiff, <br><br> v. <br><br> ENCON PACIFIC, LLC, d/b/a Concrete Products of Western Washington, LLC; and CONCRETE PRODUCTS OF WESTERN WASHINGTON, LLC, <br><br> Defendants. <br> _____ <br><br> ENCON WASHINGTON, LLC f/k/a Concrete Products of Western Washington, LLC, <br><br> Counter-claimant, <br><br> v. <br><br> WOODBURN CONSTRUCTION CO.; COUNTY OF COWLITZ, WASHINGTON; and SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Counter-defendants. | Case No. C05-5811FDB <br><br> ORDER DENYING MOTION OF ENCON WASHINGTON, LLC TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF WOODBURN CONSTRUCTION CO. |

Defendant EnCon Washington, LLC, formerly known as Concrete Products of Western

ORDER - 1

Washington (Encon) moves for sanctions against Woodburn Construction Co. (Woodburn) alleging failure to preserve and produce information in electronic form, particularly emails, and for spoliation of evidence.  Encon also moves for an order compelling production of Woodburn's electronically stored information that is responsive to Encon's requests and which has not yet been produced.  Finally, Encon seeks its attorneys' fees and costs related to this motion and its attempts to obtain the electronic discovery to which it continues to be entitled.   Woodburn opposes the motion and seeks reasonable attorneys fees and costs associated with responding to this motion as well as in seeking to accommodate Encon's requests in a manner inconsistent with the parties previously agreed to ESI discovery protocol, and pursuant to Woodburn's reservation of rights.  A condensed history of the discovery of electronically stored information follows.

**DISCOVERY HISTORY FOR ELECTRONICALLY STORED INFORMATION**

The Complaint was filed on November 16, 2005 and was timely removed to this Court on December 19, 2005.   The discovery timeline in this case is, for the most part, undisputed.  The first request for production, including electronically stored information (ESI) was made June 9, 2006, and Encon reviewed project files, excluding ESI, at Woodburn's offices on July 10, 2006.

On July 18, 2006, Encon made its second request for production including ESI and inquired about backup tapes, servers, laptops, notebooks, and what "efforts and procedures" had been utilized for the preservation of responsive ESI.  Negotiations then began regarding retrieval and production of ESI.

Woodburn asserts that its counsel sought reply from Encon regarding the proposed discovery protocol before responding to the July 18, 2006 discovery request.  Woodburn asserts that on or about August 23, 2006, Woodburn and Encon agreed to an ESI discovery protocol that would involve Encon sending experts to Woodburn's office, where they would have access to Woodburn's ESI storage systems and be able to copy items from them.  Once copies from Woodburn's ESI storage systems were made, Encon's experts would use agreed upon search terms to obtain

ORDER - 2

documents (of all types, including email) relevant to the project. Then Woodburn's counsel would review the relevant documents for privilege, and confidentiality (and for irrelevant documents). Finally, the non-privileged, non-confidential, relevant documents would be provided in electronic form to Encon, by its own experts. Encon agrees with Woodburn on this, as Encon states in its motion:

> In response to Woodburn's objection to the [July 18, 2006 discovery] request, counsel for the parties began negotiations related to the retrieval and production of Woodburn's ESI. On August 23, 2006, they agreed that EnCon would send its own experts at its own expense to Woodburn to retrieve relevant data based upon an agreed list of search terms. (Gay Decl. ¶ 4, Ex. 3) EnCon even agreed to allow Woodburn to do a privilege review of the electronic documents EnCon had extracted from Woodburn's computers at EnCon's expense.

However, Encon asserts that from that time on, Woodburn delayed until September 27, 2006 when it said it would confirm what backup media exist for Woodburn's email server. Woodburn asserts that Encon, rather than proceeding with its own experts as described in the agreed protocol, sought to obtain the ESI from Woodburn's email service provider via its backup tapes, thus obtaining the discovery from one storage source instead of from Woodburn's employees' laptops, desktops, and server's storage devices. Woodburn states that it was agreeable to Encon performing the agreed ESI discovery protocol on the backup tapes if they existed.

Meanwhile, Woodburn's President, Terry Withers, without Woodburn's counsel's knowledge, ordered Woodburn's outside information technology consultant to search for and save all emails related to the Cowlitz County Jail Project at issue.

On October 13, 2006, Woodburn advised Encon that EasyStreet, Woodburn's email service provider does not keep a backup of emails (including Woodburn's) routed through its site. At a November 29, 2006 conference call among the parties and Encon's electronic discovery vendor, Applied Discovery, and Woodburn's EasyStreet representative, the EasyStreet representative stated that his company had not handled Woodburn's email since December 2004. The construction project from which this dispute arises occurred in the latter part of 2004.

ORDER - 3

1   On December 18, 2006, Encon essentially renewed its request for all files, electronic and
2   otherwise, related to the project, and later Encon requested of Woodburn the "native" email files for
3   Woodburn's President Withers, Project Manager Crouch, and Project Superintendent Braff.
4   Woodburn notes that Encon made this request rather than follow the discovery protocol that they
5   had agreed upon.

6   Then on January 4 or 5, 2007, Woodburn's counsel advised Encon that "I have the emails"
7   Following a privilege review, Encon received the emails on January 16, 2007.  Encon, however,
8   contends that the production was defective (, *e.g.*, partly corrupt, attachments missing, etc.)  Encon
9   was most troubled by missing "metadata" (information about the data such as author, creation date,
10  transmission date, recipients, blind copy recipients, etc.).  Encon then asked that the discovery be
11  produced again, rather than employ an expert to access Woodburn's storage systems.

12  On February 2, 2007, Woodburn delivered additional disks, which Encon again contends
13  were defective.  Woodburn later hired Mr. French of Bridge City Legal, an expert originally
14  employed by Encon, to copy electronic discovery from Woodburn's electronic storage systems and
15  to search for responsive email based on search terms provided by Encon's counsel.  Woodburn then
16  did its privilege review, and made another production, which still did not satisfy Encon.

17  On March 18, and 19, 2007, Encon renewed its request for the remainder of Woodburn ESI,
18  and Woodburn responded that it had harvested whatever Encon's search terms resulted in and
19  produced that material.

20  **DISCUSSION**

21  Woodburn, in summary, contends that it has at all times preserved ESI and offered Encon the
22  opportunity to inspect and copy it, pursuant to an agreed ESI discovery protocol, but that Encon
23  never took that opportunity; rather it demanded that Woodburn expeditiously provide email ESI in a
24  manner contrary to the parties agreement.  Woodburn contends that its conduct was objectively
25  reasonable, and that it stands ready as it has at all times, to allow Encon access to Woodburn's ESI
26  ORDER - 4

for inspection and copying.  Thus, Woodburn argues that the motion to compel and for sanctions should be denied.

Encon contends that Woodburn failed to preserve discovery from the date this case was filed until late September 2006 when Woodburn's President Withers states that he, in anticipation of a request from Encon for Woodburn's email from its storage devices, directed that Woodburn's outside information technology consultant come and search for and save from Woodburn's storage systems all email related to the project.  (Withers Declaration ¶ 2.)  Encon contends that only deficient ESI was finally provided, and that, therefore, Woodburn did nothing to preserve ESI.

Encon's arguments are not well taken.  Ever since the parties agreed to the ESI discovery protocol on or about August 23, 2006, Encon has had the opportunity to proceed to discover ESI from Woodburn pursuant to that discovery protocol, but Encon never availed itself of that opportunity.  Woodburn has attempted to accommodate Encon in retrieving the ESI pursuant to Encon's requests that were not in accordance with the discovery protocol.  Woodburn still stands ready to allow Encon access to its ESI for inspection and copying.

Encon's arguments regarding spoliation of evidence fail as well.  There is no evidence of willful spoliation of ESI, and Woodburn still has its storage devices for laptop computers, desktop computers, and servers, with one exception: Floyd Crouch, Woodburn's Vice President, states:

> In October of 2004, while the project was ongoing, my laptop computer essentially died.  I took it to an information technology specialist, who tried to rescue as much data as possible from its hard drive.  I know that not all data was rescued.

(Crouch Decl. ¶ 3.)

Under these circumstances, Encon's motion for sanctions and to compel will be denied.  Woodburn is entitled to an award of monetary sanctions for having to respond to this motion to compel.

NOW, THEREFORE,

/////

ORDER - 5

IT IS ORDERED:

1. Motion of EnCon Washington, LLC To Compel and for Sanctions Against Plaintiff Woodburn Construction Company for Discovery Violations [Dkt. # 144] is DENIED.

2. Plaintiff Woodburn Construction Co. is awarded monetary sanctions in the amount of $1,000 for having to respond to EnCon Washington's discovery motion; this amount is payable by May 11, 2007.

3. Plaintiff Woodburn's Motion for Leave To File Additional Documents [Dkt. # 167] is DENIED.

DATED this 27th day of April, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6